PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:25-cr-483 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LARRY CRENSHAW-BROADNAX, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 14] |

Pending before the Court is Defendant Larry Crenshaw-Broadnax's Motion for Bond and Objections to the Magistrate Judge's Detention Order.  ECF No. 14.  The Government opposed. ECF No. 18.  Having reviewed the parties' briefing, the Pretrial Services Report (ECF No. 5), the detention hearing record, and relevant case law, the Court overrules Defendant's objections to the magistrate judge's detention order and denies his motion for a personal bond.

## I.    BACKGROUND

On September 17, 2025, a federal grand jury indicted Defendant on four counts of possession with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  ECF No. 1.  At his Initial Appearance and Arraignment, conducted on September 24, 2025, the Government moved for a detention hearing (*see* ECF No. 6), which was granted.  Min. of Procs. [non-document] Initial Appearance/Arraignment (Sept. 24, 2025).  The detention hearing was conducted on September 29, 2025, before the Honorable Carmen E. Henderson, United States Magistrate Judge.  ECF No. 13.

(1:25CR483)

During the hearing, Magistrate Judge Henderson confirmed that, given the charges, there is a statutory presumption of detention, meaning "there's a presumption that there are no conditions for [Defendant's] release" and that Defendant must put forth some evidence that there are such conditions. ECF No. 13 at PageID #: 57. Defendant proffered the following evidence:

(1) He owns property at 1396 East 88th Street, Cleveland, Ohio ("East 88th St.") and has lived at that address for the last four years;

(2) He is a lifelong resident of Cleveland, Ohio;

(3) He graduated from Cleveland Public Schools (*i.e.*, East High School) in 2007 and attended Ohio Technical College, where he received a certificate in auto and diesel repair;

(4) He is engaged to Shquitta Sterns who lives with him at East 88th St.;

(5) He is self-employed and is the owner-operator of Larry J's, Inc., LLC, a home remodeling company registered with the Ohio Secretary of State;

(6) He is health and has no substance abuse issues; and

(7) He has a limited criminal history without any felony convictions, nor was he on any court supervision at the time of his arrest.

ECF No. 13 at PageID ##: 64–66; ECF No. 14. The Government countered that large amounts of Firmapress, a pill binding agent commonly used to press narcotics into pill form to imitate blue oxycodone tablets or ecstasy tables (*see* ECF No. 18 at PageID ##: 110–11), methamphetamine, and fentanyl were seized from Defendant's rented warehouse space, as well as from his residence, which also served as an in-home daycare center for children, operated by his fiancée. ECF No. 13 at PageID #: 68. Defendant used his email to order Firmapress and have it delivered to East 88th St., including during the daycare's operating hours. ECF No. 18 at

2

(1:25CR483)

PageID #: 120.  While executing a search warrant at East 88th St., law enforcement also seized several firearms, including a loaded handgun found in a children's toy box.  ECF No. 13 at PageID #: 78.

Considering the parties' oral arguments and proffered evidence, Magistrate Judge Henderson issued an Order of Detention.  ECF No. 10.  After concluding that "[Defendant] put forth evidence to rebut the presumption of detention" (ECF No. 13 at PageID #: 73), the magistrate judge examined the § 3142(g) factors to determine if any conditions could be imposed to keep the community safe and found that the weight of the evidence favored detention.[1]  ECF No. 13 at PageID ##: 74–78.  The magistrate judge concluded the Government satisfied its burden to show by clear and convincing evidence that no conditions could reasonably assure the safety of the others and the community.  ECF No. 13 at PageID ##: 74–78.  In particular, the evidence showed that Defendant was manufacturing and supplying methamphetamine and fentanyl pills, which are particularly dangerous, through his residence.  ECF No. 13 at PageID ##: 74–75.  Moreover, several firearms were seized from the home, including a loaded handgun found in a child's toy box.  ECF No. 13 at PageID #: 78.

Defendant now challenges the magistrate judge's finding that no conditions could reasonably assure the safety of others and the community and contends that the concerns raised during the detention hearing can be cured with bond conditions.  ECF No. 14 at PageID #: 84.

---

[1] The magistrate judge concluded that the Government did not meet its burden to prove by a preponderance of the evidence that Defendant posed a flight risk.  ECF No. 13 at PageID #: 77.

(1:25CR483)

## II.    STANDARD OF REVIEW

When a defendant objects to a magistrate judge's order of pretrial detention, the district court must conduct a *de novo* review of the magistrate judge's decision. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Wiggins*, No. , 2024 WL 916493, at *2 (N.D. Ohio Mar. 4, 2024) (Pearson, J.). District courts must conduct the same statute-based analysis as the magistrate judge, relying on the factors provided in 18 U.S.C. § 3142(g). *See Stone*, 608 F.3d at 945. Under § 3142 of the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). To successfully bring a motion to detain a defendant pending trial, "the government must prove risk of flight by a preponderance of the evidence, [or] it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

When there is probable cause to believe that a defendant has committed any of the crimes listed under § 3142(e)(3), a rebuttable presumption that the defendant must be detained pending trial to assure his appearance as required and the safety of the community arises. Even if a defendant, who has committed a crime listed under § 3142(e)(3), provides evidence sufficient to rebut the presumption of detention, the presumption favoring detention remains a factor to be considered among others to be weighed by the Court. *Stone*, 608 F.3d at 945.

According to the Bail Reform Act, the following factors are to be considered by the Court to determine the necessity of a defendant's pretrial detention:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

4

(1:25CR483)

> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.    DISCUSSION

### A. Defendant has Rebutted the Presumption of Detention

It is undisputed that there is a presumption of detention in this case because Defendant was indicted for violations of the Controlled Substance Act (*see* ECF No. 1), one of the enumerated crimes under § 3142(e)(3).  Therefore, the Court must assess whether Defendant has produced sufficient evidence to rebut this presumption.  He has done so.  As noted by Magistrate Judge Henderson, Defendant has ties to the community as a life-long Cleveland resident.  He graduated from Cleveland schools and has certifications in auto and diesel repairs.  He owns a home remodeling business and a house, which he shares with his fiancée who operates an in-home daycare center.  ECF No. 13 at PageID ##: 64–66.  While Defendant has a limited criminal history, he has no prior felony convictions and, at the time of his arrest, he was not subject to community control (*e.g.*, probation or parole).  ECF No. 5 at PageID ##: 16–17.  Accordingly,

5

(1:25CR483)

the Court finds that Defendant has satisfied his burden of production to rebut the presumption of detention.

### B. Section 3142(g) Analysis

Next, the Court must weigh the § 3142(g) factors to determine whether the Government has satisfied its burden of persuasion that Defendant should remain in custody. The magistrate judge concluded that Defendant did not pose a flight risk. ECF No. 13 at PageID #: 77. Therefore, the sole issue before the Court is whether the Government demonstrated by clear and convincing evidence that no conditions could reasonably ensure the safety of others and the community. 18 U.S.C § 3142(g).

After a *de novo* review of the detention hearing record, including the arguments made and evidence proffered by the parties during the hearing and in subsequent briefing, and the foregoing analysis of the § 3142(g) factors, the Court concurs that detention is warranted in this case.

#### 1. Nature and Circumstances

The first factor considers the "nature and circumstances" of the offense. 18 U.S.C. § 3142(g)(1). Defendant was indicted on four counts of possession with intent to distribute methamphetamine and fentanyl. ECF No. 1. In enumerating drug trafficking offenses requiring a presumption of detention, Congress has specifically identified such crimes as posing a dangerous threat to society. *See United States v. Jones*, No. 1:19CR78, 2020 WL 2078782, at *3 (N.D. Ohio Apr. 30, 2020) (citing *Stone*, 608 F.3d at 947 n.6). Therefore, this factor weighs in favor of detention.

6

(1:25CR483)

### 2. *Weight of the Evidence*

The second factor considers the weight of the evidence pertaining to Defendant's dangerousness if released from custody, rather than to his guilt.  18 U.S.C. § 3142(g)(2).  While all narcotics are dangerous, fentanyl is especially dangerous.  *See United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (recognizing Congress and the Sentencing Commission considered controlled substances mixed with fentanyl more dangerous than pure narcotics).  The Government proffered evidence that Defendant received large shipments of Firmapress at his East 88th St. residence.  ECF No. 13 at PageID ##: 68–69.  Law enforcement seized several kilograms of methamphetamine and fentanyl from Defendant's rented warehouse space and, from the East 88th St. residence, a black backpack containing methamphetamine and fentanyl pills.  ECF No. 13 at PageID #: 69.

There is no dispute that Defendant shares his East 88th St. residence with his fiancée, or that his fiancée operates as children's daycare center from the home.  ECF No. 13 at PageID #: 70.  The Government presented evidence that Defendant ordered large quantities of colorful Firmapress[2] that were delivered to that residence over the course of several months.  ECF No. 18 at PageID ##: 119–20.  Law enforcement seized methamphetamine and fentanyl pills, as well as several firearms, from the residence.  ECF No. 13 at PageID #: 70.  A loaded firearm was located in and seized from a children's toy toolbox.  ECF No. 13 at PageID #: 78; ECF No. 18 at PageID #: 126.

---

[2] One shipment ordered and received by Defendant included: 1 kg Firmapress green; 1 kg Firmapress blue; 1 kg Firmapress orange; 1 kg Firmapress red; 1 kg Firmapress yellow; and 5 kg Firmapress white.  ECF No. 18 at PageID ##: 119–20.

(1:25CR483)

Defendant attempts to minimize these facts by arguing that, at the time the search warrant was executed, there were no children at the residence and the daycare was not in operation. ECF No. 14 at PageID ##: 83–84. This argument is unpersuasive and misleading. During surveillance operations, law enforcement officers observed at least one child being dropped off at the daycare shortly before Defendant received a shipment of Firmapress. ECF No. 18 at PageID ##: 119–20. Moreover, as the Government points out, the search warrant was executed in the early morning (around 6:30 a.m.), which may explain why there were no children present. ECF No. 18 at PageID #: 126. State records proffered by the Government demonstrate that the daycare center was indeed in operation; and further evidence showed that illicit drugs and unsecured firearms were kept within reach of children during operating hours. ECF No. 18-1. The weight of the evidence favors detention.

### 3. History and Characteristics

The third factor considers Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

During the detention hearing, Defendant demonstrated that he is a life-long Cleveland resident. He is self-employed and a homeowner. He is engaged and lives with his fiancée. He is in good health. ECF No. 13 at PageID ##: 64–66; ECF No. 14 at PageID ##: 82–83. Regarding his prior criminal history, the Pretrial Services Report noted that Defendant has a limited criminal history. ECF No. 5 at PageID ##: 16–17. He had two drug-related charges for marijuana, the first in 2009 and the second in 2016. ECF No. 5 at PageID ##: 16–17. Most recently, Defendant pled guilty to a misdemeanor for improperly handling a firearm in a vehicle.

(1:25CR483)

ECF No. 5 at PageID ##: 16–17.  Notably, however, Defendant is not on community control, including probation or parole.  Based on this record, the Court finds that this factor weighs in Defendant's favor.

### 4. *Nature and Seriousness of the Danger*

The final factor requires the Court to consider the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).  Engaging in drug trafficking is serious and Congress, in imposing a presumption of detention, recognizes the dangerousness of such activities.  *See Jones*, 2020 WL 2078782, at *3. In the case at bar, Defendant was allegedly pressing methamphetamine and fentanyl into colorful pills.  ECF No. 13.  Materials and tools to create these pills were delivered to his residence that also operates as a daycare center.  Moreover, he was storing the drugs and loaded firearms within reach of children.  *See* ECF No. 18-1.  Such conduct demonstrates Defendant has little concern for the safety of others or the community that entrusts his residence to care for its children. Accordingly, this factor weighs in favor of Defendant's detention.

### C. Conditions

Defendant suggested several conditions for the Court to consider in conjunction with his release from custody.  ECF No. 14.  These conditions include: (1) a complete home and warehouse inspection for guns and/or illegal drugs; (2) surrender of Defendant's weapons to local police; (3) GPS monitoring with curfew hours; (4) determining if another approved residence is available so that Defendant will not have contact with children or his fiancée's daycare facility; and (5) weekly reporting to Pretrial Services.  ECF No. 14 at PageID #: 86.

None of these conditions offer reasonable assurance that Defendant will not continue engaging in drug trafficking.  Defendant knew or should have known that methamphetamine and

9

(1:25CR483)

fentanyl are dangerous, illegal substances and yet he still engaged in pressing large quantities of these narcotics into pills that were colorful and not kept out of children's reach.  *See* ECF No. 18 at PageID ##: 119–20.  Similarly, and perhaps most egregious, Defendant kept unsecured guns in his home that also served as a daycare facility.  Although he suggests that the Court determine if there is an alternative residence where he can live to avoid contact with children and the daycare facility, Defendant has not offered any such options for consideration, nor has he shown evidence that he would not secretly continue with his criminal pursuits regardless of his address.

It is also unlikely that GPS monitoring, imposing a curfew, or weekly check-ins with Pretrial Services would reasonably ensure Defendant does not continue his drug trafficking activities.  Such conditions would not prevent Defendant from using technology, as he has done in the past, to continue his drug trafficking operations.  The record shows that Defendant used his email to place Firmapress orders online.  ECF No. 18 at PageID ##: 111–12.  Even with Defendant's suggested conditions, it would be difficult to ensure Defendant did not use technology (*e.g.*, email or cellphones) to continue coordinating illegal drug trafficking activities.  *See United States v. Beard*, 528 F. Supp. 3d 764, 775 (N.D. Ohio 2021) (noting that it was impracticable—if not near impossible—to enforce technology restrictions necessary to prevent a defendant from using technology to continue drug trafficking transactions while on bond).  Similarly, no condition allows the Court to effectively monitor Defendant's access to firearms.  Therefore, the Court finds that the Government has presented clear and convincing evidence that no condition or combination of conditions exist that would reasonably ensure the safety of the community.

(1:25CR483)

## IV.    CONCLUSION

Based on the Court's *de novo* review of the record in this matter, having considered the oral arguments presented during the detention hearing, and the parties' written submissions, the Court finds that the Government has satisfied its burden to demonstrate by clear and convincing evidence that no condition or combination of conditions of Defendant's release can reasonably assure the safety of others or the community.  Therefore, Defendant's Objections to the Magistrate Judge's Order of Detention and Motion (ECF No. 14) are overruled and his Motion for a Personal Bond is denied.

IT IS SO ORDERED.

November 17, 2025                                                          */s/ Benita Y. Pearson*
Date                                                                              Benita Y. Pearson
                                                                                      United States District Judge

11